WALLER, Chief Justice,
dissenting:
¶ 32. Before applying MIGA’s exhaustion provision, the Court should determine whether Blakeney’s claim for UM benefits is also a “covered claim.” Blakeney’s claim for UM benefits differs from her MIGA-assumed claim for workers’ compensation benefits. Because her UM-benefit claim is not also covered claim, the MIGA Act does not require a reduction. Therefore, I respectfully dissent.
¶ 33. The MIGA Act’s exhaustion provision must be read in conjunction with Mississippi Code Section 83 — 23—109(f), which defines “covered claim.” Miss.Code Ann. § 83 — 23—109(f) (Rev.1999); Miss.Code Ann. § 83-23-123(1) (Rev.2009). Section 83-23-109(f) explains that a covered claim is “an unpaid claim, ... which arises out of and is within the coverage ... of the applicable limits of an insurance policy ... issued by an insurer, if such insurer becomes an insolvent insurer....” Miss. Code Ann. § 83 — 23—109(f) (emphasis added). The relevant MIGA statutes and this Court’s opinion in Leitch v. Mississippi Insurance Guaranty Association, 27 So.3d 396, 400 (Miss.2010) do not state that a party’s claim against a solvent insurer becomes a covered claim subject to MIGA’s exhaustion provision simply because both *211 claims originated from the same injurious event. See Maj. Op. ¶ 13 (“Blakeney had a claim against her employer’s solvent UM carrier for the same loss[,] the damages she suffered from the automobile acci-dente,] being paid by MIGA.”).
¶ 34. MIGA may reduce its obligation to pay when a party collects benefits on a claim that is also a covered claim. See Miss.Code Ann. § 83-23-123(1) (Rev.1999). A covered claim is a claim that “arises” from an insolvent insurer’s coverage. Miss.Code Ann. § 83 — 23—109(f) (Rev.1999). In other words, when the insured recovers on a claim that is the same type of claim assumed by MIGA, MIGA must reduce its payment by the amount of that recovery. Thus, the exhaustion provision prevents duplicate recovery for identical claims.
¶ 35. The Court explained this concept in Leitch. After an automobile accident, Leitch filed suit against Reliance, the negligent driver’s insurance company. Leitch, 27 So.3d at 397. After Reliance later was declared insolvent and MIGA assumed its obligations, Leitch joined in the suit State Farm, his own insurance company, which initiated the UM coverage on his policy. See id. See also Leitch v. Miss. Ins. Guar. Ass’n, 27 So.3d 405, 409 (Miss.Ct.App.2010). Eventually, State Farm, the solvent company, settled with Leitch, and MIGA attempted to reduce its obligation to Leitch by the settlement amount. Leitch, 27 So.3d at 398. This Court determined that Leitch’s claim against State Farm (the solvent insurer) was the same as the covered claim he had against MIGA. Id. at 400. Because Leitch would have recovered twice on the same type of claim, MIGA could reduce its obligation by the amount of Leitch’s recovery under the State Farm policy. See id. In other words, Leitch did not authorize MIGA automatically to reduce its obligation when the insured had received UM benefits. See id. at 401.
¶ 36. Here, Blakeney’s claim against Coregis and Progressive is wholly unrelated to her covered claim, which precludes application of the exhaustion provision. See Miss.Code Ann. § 83-23-123(1) (Rev. 2009); Leitch, 27 So.3d at 400. Blakeney’s claim against Coregis and Progressive involved UM benefits, while her claim against MIGA involved workers’ compensation benefits. Because her claim for UM benefits is not the same as her covered claim for workers’ compensation benefits, MIGA cannot suspend its obligation to pay. See Leitch, 27 So.3d at 400. Further, unlike Leitch’s claim, Blakeney’s claim for UM benefits from the solvent insurance companies did not arise from another insurer’s insolvency.
¶ 37. In sum, under the MIGA statutes and Leitch, Blakeney’s claim against Core-gis and Progressive for UM benefits is not the same as her covered claim for workers’ compensation benefits. Any amount payable by MIGA on her covered claim for workers’ compensation benefits cannot be reduced by her recovery from Coregis and Progressive. Because the exhaustion provision does not apply, MIGA must pay Blakeney’s claim pursuant to Mississippi Code Section 83 — 23—115(1)(a)(i), which provides that MIGA shall satisfy its obligation to a claimant by paying “[t]he full amount of a covered claim for benefits under a workers’ compensation insurance coverage .... ” Miss.Code Ann. § 83-23-115(l)(a)(i) (Rev.2009).
¶ 38. Therefore, I would hold that MIGA is not entitled to a $70,000 reduction in the amount it is obligated to pay on Blakeney’s claim.
GRAVES, P.J., KITCHENS AND PIERCE, JJ„ JOIN THIS OPINION.